UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

LESTER JON RUSTON,              )
     Plaintiff,                 )
                                )
          v.                    )  C.A. No. 08-40214-MLW
                                )
UNITED STATES OF AMERICA,       )
et al.                          )
     Defendants.                )


                              ORDER

WOLF, D.J.                                           May 12, 2010

     On October 29, 2008, plaintiff Lester Jon Ruston filed the complaint in this case. On August 5, 2009, the court dismissed this case because the complaint was frivolous and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. On August 31, 2009, plaintiff filed a Motion for Reconsideration. He argues that the court did not properly apply Rule 8 and that the court is a member of a conspiracy.

     Following judgment, a motion for reconsideration may be considered under Federal Rule of Civil Procedure 59(e) or 60(b). Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525 n.3 (1st Cir. 2002). Rule 60(b) is applicable, as the motion was apparently deposited in the prison mail system 18 days after the August 5, 2009 Order, excluding weekends and holidays. See Fed. R. Crim. P. 59(e) (imposing, prior to December, 2009, a 10 day limit); March 26, 2009 Order of the Supreme Court (allowing court discretion to apply prior version of rule to cases pending at

                                1

time of amendment); see also Morris v. Unum Life Ins. Co. of America, 430 F.3d 500, 502 (1st Cir. 2005)(stating that 10 day limit "is mandatory" and that "the district court has no power or discretion to modify it"). Rule 60(b) permits relief from a final judgment or order if the movant demonstrates excusable neglect, newly discovered evidence, misconduct by an opposing party, a void judgment, a satisfied judgment, or any other reason that justifies relief. Relief under Rule 60(b) "'is extraordinary in nature,'" and "'motions invoking that rule should be granted sparingly." Cintron, 312 F.3d at 527 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). Here, plaintiff disagrees with the court's legal conclusions and makes baseless allegations of judicial misconduct, but has shown no facts nor developed any argument that would entitle him to such extraordinary relief under any of the categories of Rule 60(b). Even if the court were to apply Rule 59(e), plaintiff has shown no new evidence or manifest error of law that would entitle him to relief. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Reconsideration (Docket No. 16) is DENIED.

       /s/ Mark L. Wolf
   UNITED STATES DISTRICT JUDGE